IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KENNETH M. RIFFE           §
                           §
        Plaintiff,         §
                           §
VS.                        §    NO. 3-08-CV-0673-BD
                           §
MICHAEL J. ASTRUE,         §
Commissioner of Social Security §
                           §
        Defendant.         §

## MEMORANDUM ORDER OF DISMISSAL

Defendant Michael J. Astrue, the Commissioner of Social Security, has filed a motion to dismiss this civil action brought by Plaintiff Kenneth M. Riffe seeking judicial review of an agency decision denying his application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* As grounds for his motion, defendant argues that the court lacks subject matter jurisdiction over this case because plaintiff has not yet received a "final decision" from the Appeals Council. Plaintiff counters that the Appeals Council has not acted on his request for review, which was filed more than two years ago, and that, at a minimum, he is entitled to mandamus relief compelling the Council to issue a final ruling so he can seek judicial review in federal court.

Under the Social Security Act:

> Any individual, *after any final decision of the Commissioner of Social Security* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). A "final decision" results only after the claimant has exhausted his administrative remedies. *See Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987); *LeJeune v. Matthews*, 526 F.2d 950, 952 (5th Cir. 1976). To satisfy the exhaustion requirement, a claimant must first file a claim for social security benefits. *See* 20 C.F.R. § 416.305. The agency then issues an initial determination either granting or denying the claim. *See id.* §§ 416.1404 to 416.1405. Next, the claimant must file a request for reconsideration. *See id.* §§ 416.1407 to 416.1422. The Commissioner reviews the claim again and issues a reconsidered determination. *Id.* § 416.1420. After obtaining an adverse determination on reconsideration, a dissatisfied claimant may request an evidentiary hearing before an administrative law judge. *See id.* §§ 416.1429 to 416.1461. If the claimant objects to that decision, he or she may appeal to the Appeals Council. *See id.* §§ 416.1467 to 416.1481. Only after the Appeals Council issues a final decision may the claimant seek judicial review in federal district court. *See Mamon v. Social Security Administration*, 24 F.3d 239 (Table), 1994 WL 243277 at *1 (5th Cir. May 19, 1994), *citing Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir.), *cert. denied*, 108 S.Ct. 466 (1987).

It is undisputed that the Appeals Council has not yet acted on plaintiff's request for review of the hearing decision issued by an administrative law judge. Without a final agency decision, this court lacks subject matter jurisdiction under 42 U.S.C. § 405(g). Nevertheless, plaintiff argues that the court has jurisdiction under the mandamus statute to compel the Appeals Council to either grant or deny his request for review which has been pending for more than two years. The gist of plaintiff's argument is that the agency "has acted in an irresponsible, reprehensible manner" and that this court "has the statutory authority to fashion a remedy which is fair[.]" (*See* Plf. Resp. at 2). A federal district court has original jurisdiction in the nature of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28

U.S.C. § 1361. However, mandamus is a drastic remedy to be invoked only in extraordinary situations. In order to obtain such relief, a plaintiff must establish: (1) a clear right to the relief; (2) a clear duty by the respondent to do the act requested; and (3) the lack of any other adequate remedy. *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998), *citing In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997). The failure to prove any one of these elements deprives the court of jurisdiction to grant mandamus relief. *See Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). Other than citing to the mandamus statute, plaintiff makes no attempt to satisfy any of these elements. While the court encourages the Appeals Council to act promptly, it cannot say that the two-year delay in ruling on plaintiff's request for review is so extraordinary as to justify relief by way of mandamus.

For these reasons, defendant's motion to dismiss [Doc. #9] is granted. This case is dismissed without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

DATED: October 1, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE